UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HANEY,

        Plaintiff,

v.

        Case No. 15-cv-10053
        Honorable Gershwin A. Drain

BAKER COLLEGE and
BAKER COLLEGE OF FLINT,

        Defendants.

        _____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR CHANGE OF VENUE [#8]

### I. INTRODUCTION

This action was removed from the Montcalm County Circuit Court on January 7, 2015. *See* Dkt. No. 1. In the Complaint, Mr. Curtis Haney ("Plaintiff") alleges that Baker College and Baker College of Flint (collectively "Defendants") refused "to provide effective reasonable accommodations under the provisions and requirements of 34 C.F.R. Part 104 known as the 'Rehabilitation Act of 1973.'" Dkt. No. 1-1. Plaintiff seeks relief pursuant to the following laws: the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008), and the Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq. Id.*

Presently before the Court is Plaintiff's Motion for Change of Venue, which was filed February 19, 2015. *See* Dkt. No. 8. The Defendants filed a response on February 27, 2015. *See*

Dkt. No. 10. After careful consideration of the arguments, the relevant law, and the record as a whole, the Court will **GRANT** the Plaintiff's Motion [#8].

## II. DISCUSSION

In the Notice of Removal, the Defendants assert that "[t]he prerequisites for removal under [28 U.S.C. § 1441] have been met." Dkt. No. 1 at ¶ 8. Upon review, the Court finds that the Defendants did not meet the first prerequisite for removal. With respect to the removal of civil actions, Section 1441 of Title 28 ("Section 1441") reads:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed* by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending.*

28 U.S.C. § 1441(a) (emphases added). Thus, in order for the prerequisites of Section 1441 to have been met, this case would have had to been removed from a State court embraced by the Southern Division of the United States District Court for the Eastern District of Michigan. Instead, this case was removed from Montcalm County. *See* Dkt. No. 1 at ¶ 1. Montcalm County is embraced by the Southern Division of the Western District. *See* 28 U.S.C. § 102(b)(1). As such, this case should have been removed to the Western District of Michigan; not this Court.

The Court considered remanding this case *sua sponte* in light of Defendants' removal to the wrong federal court. However, after reviewing the relevant law, it would be improper for the Court to remand this action given Plaintiff's failure to file a motion for remand within thirty days of Defendants' removal. *See*, *e.g.*, *Balzer v. Bay Winds Fed. Credit Union*, 622 F. Supp. 2d 628, 629 (W.D. Mich. 2009) (citing *Peterson v. BMI Refractories,* 124 F.3d 1386, 1392 (11th Cir. 1997), to note: "[D]efects in removal procedure—e.g., removal to the wrong federal district—may be waived if Plaintiff fails to file a motion to remand within thirty days of removal."); *see also*, *e.g.*, *Theriot v. HSBC Bank*, No. 10-CV-11617, 2010 WL 5390177, at *4 (E.D. Mich. Dec.

22, 2010) (citing, *inter alia*, *Page v. City of Southfield,* 45 F.3d 128, 133 (6th Cir. 1995), to note: "Technical defects in the removal procedure may not be raised *sua sponte* but may be raised by a party within thirty days of removal or they are waived.").

Judge Edmunds of this District has aptly noted that where, as here, "a case is removed to the improper district court, the mistake is [] one of improper venue." *Keeth v. State Farm Fire & Cas. Co.*, No. 10-13219, 2011 WL 479903, at *2 (E.D. Mich. Feb. 7, 2011); *see also id.* ("Removal to the improper district, where a federal court otherwise has the jurisdictional power to hear the case, presents a procedural (as opposed to jurisdictional) defect curable by transfer to the proper venue."). Given this rationale, the Defendants' removal to the wrong federal court is curable in light of the Plaintiff's Motion for Venue.

Where a case is filed in the improper federal venue, Title 28 Section 1406 ("Section 1406") permits a district court to dismiss or transfer the case. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Admittedly, as Judge Edmunds has stated, Section 1406(a) "is not directly applicable to a case improperly removed . . . in a district court[.]" *Keeth*, 2011 WL 479903, at *2. Nevertheless, this Court agrees with Judge Edmunds that Section 1406(a)'s "tenets apply [to improperly removed cases] by analogy with equal force." *Id.*

Other district courts in this circuit, and a number of courts in other circuits, "have approved the transfer of a matter to a different venue when the matter has been removed to an improper federal district." *Id.* (citing *McPeek v. Tandy, LLC,* No. 09–146–DCR, 2010 WL 399109, at *1 (E.D. Ky. Jan.25, 2010); *Smith v. Cariten Ins. Co.,* No. 08–171, 2008 WL 2550660, at *1 (E.D. Tenn. June 20, 2008)); *see also id.* at *3 (citing *Kreimerman v. Casa*

*Veerkamp,* 22 F.3d 634, 645 (5th Cir. 1994); *Shamrock Mfg. Co. v. Ammex Corp.,* No. CV–F–10–908, 2010 WL 3153976, at *8 (E.D. Cal. Aug. 9, 2010); *Capretto v. Stryker Corp.,* No. 07–03390, 2007 WL 2462138, at *1 n.1 (N.D. Cal. Aug. 29, 2007).[1] In light of the approach taken by these other courts—and the well-written Opinion of Judge Edmunds, in particular—the Court finds that the law supports transferring this action to the Southern Division of the Western District of Michigan.

### III. CONCLUSION

Based on the foregoing analysis, the Court will **GRANT** Plaintiff's Motion for Change of Venue [#8].

**IT IS HEREBY ORDERED** that this case be **TRANSFERRED** to the Southern Division of the United States District Court for the Western District of Michigan.

The Clerk of the Court is **HEREBY DIRECTED** to take the necessary steps to effectuate the terms of this Opinion and Order.

SO ORDERED.

Dated: March 18, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge

---

[1] Judge Edmunds also noted that "courts in other circuits have articulated a bright-line rule that removal to the improper district always requires remand to the state court[,]" because "[t]hese courts have generally characterized removal to the improper district as a jurisdictional defect." *Keeth*, 2011 WL 479903, at *3(citing *Masey v. Craveonline Media, LLC,* No. 09–1364, 2009 WL 3740737 (D. Ariz. Nov. 5, 2009); *Addison v. North Carolina Dep't of Crime and Pub. Safety,* 851 F.Supp. 214, 218 (M.D. N.C.1994); *Kreimerman,* 22 F.3d at 645). Judge Edmunds declined to follow a bright-line rule requiring remand in the absence of controlling Supreme Court or Sixth Circuit authority. *Id.* This Court will also refuse to take such an approach due to the absence of controlling authority from the Supreme Court or Sixth Circuit.